UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

HERMAN GOVAN,

                Plaintiff,

vs.

CALIFORNIA DEPT. OF HEALTH
AND WELFARE, IDAHO DEPT. OF
HEALTH AND WELFARE, NEVADA
DEPT. OF HEALTH AND WELFARE,

                Defendants.

Case No. 1:25-cv-00065-BLW

**INITIAL REVIEW ORDER
BY SCREENING JUDGE**

Pending before the Court is Plaintiff Herman Govan's Complaint. Dkt. 1. Title 28

U.S.C. § 1915(e)(2)(B) requires the Court to screen and summarily dismiss prisoner and

pauper complaints or claims that are frivolous or malicious, fail to state a claim upon

which relief can be granted, or seek monetary relief from a defendant who is immune

from such relief. Federal Rule of Civil Procedure 8 requires a complaint to "contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff, a 71-year-old inmate, asserts that the state of Idaho (on behalf of the

states of California and Nevada under the Idaho Uniform Child Support Act) is

garnishing his social security and prison trust account income for child support arrearages

**INITIAL REVIEW ORDER BY SCREENING JUDGE- 1**

pursuant to a California court child support order. The California order is for collection of child support for his deceased son (who would have been 40 years of age) and a living son, now age 48. The mother of these children is deceased.

Plaintiff's position is that the Idaho Health and Welfare Code can no longer be used as an enforcement tool once a child is of majority age, and especially where the parent who was owed the support is now deceased, and the money will simply be deposited into the California treasury. Plaintiff does not state whether his deceased ex-spouse received California welfare funds for his children during any time periods when Plaintiff was not paying child support.

Plaintiff asserts that the states must use the Fair Debt Collection Act for collections of this nature. Plaintiff requests that his case be authorized to proceed as "an interlocutory appeal" and be certified as a class action case on behalf of similarly-situated individuals. He also requests issuance of a temporary restraining order.

For the following reasons, the Complaint fails to state a federal claim upon which relief can be granted and does not contain facts showing federal subject matter jurisdiction exists over the claims or issues for which he seeks a remedy.

The Fair Debt Collection Act (FDCPA) is a federal statute, but it does not apply to family law obligations. *See Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 88 (4th Cir. 1994) (holding that a child support order is not a "debt" within the FDCPA's meaning); *Frederick-Omoyuma Silver v. Clark Cnty. Child Support Div.*, No. 2:19-cv-01414-RFB-NJK, 2019 WL 6013505, at *2 (D. Nev. Nov. 14, 2019) (holding that "child support

**INITIAL REVIEW ORDER BY SCREENING JUDGE- 2**

obligations do not constitute 'debts' under the FDCPA"); *Raffaele v. Marrama*, 164 F. Supp. 2d 224, 227 (D. Mass. 2001) (holding that a child support order is not a "debt" under the FDCPA because the "obligation is not incurred in exchange for consumer goods or services, but instead was imposed by the state to force [the plaintiff] to fulfill his parental duty to support his child").

　　Plaintiff next argues that federal jurisdiction lies because the Defendant States failed to apply "the Federally mandated legislation of the Uniform Interstate Family Support Act[.]" Dkt. 1 at 2. Many federal courts have addressed this issue and have concluded that no private cause of action exists under this Act. The Second Circuit Court of Appeals explained: "[I]n order to receive certain federal funds related to child support enforcement, states must adopt the Uniform Interstate Family Support Act, 42 U.S.C. § 666(f), which requires a state to enforce another state's child support order "if the issuing tribunal had jurisdiction," *see, e.g.,* N.Y. Fam. Ct. Act § 580–603(c)." *United States v. Kerley,* 416 F.3d 176, 180 (2d Cir. 2005). Although this federal law makes states eligible to receive federal incentive payments if they adopt the Uniform Interstate Family Support Act, the act itself is not enforceable, but acts only as a model state law. *See, e.g., Nunnery v. Florida,* 102 F.Supp.2d 772, 776 (E.D. Mich. 2000 ) (concluding "it is apparent that these are not federal laws but instead model state laws, versions of which have been enacted by the various states."). *Id. See also Feldstein v. Hawaii, Dept. of Atty. Gen.,* *Child Support Enforcement Agency*, No. 11–00420 LEK–KSC, 2011 WL 3156653, at *3

**INITIAL REVIEW ORDER BY SCREENING JUDGE- 3**

(D. Haw. July 25, 2011) (same); *Mancini v. Pereira*, No. 8:23-CV-2729-CEH-TGW,

2024 WL 4652073, at *4 (M.D. Fla. Nov. 1, 2024) (same).

Finally, Plaintiff requests that the Court classify his case as an "interlocutory

appeal," which is an inappropriate procedural request. Unless the Court has first issued a

nonfinal order from which an interlocutory appeal can be taken, there is no federal court

decision giving rise to take interlocutory appeal.

Because the Complaint is subject to dismissal, the Court considers whether

amendment should be permitted. Pro se litigants bringing civil rights suits must have an

opportunity to amend the complaint to overcome deficiencies unless it is clear that they

cannot be overcome by amendment; an opportunity to amend need not be given where a

complaint "lacks merit entirely." *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.

2000). Futility alone can justify denying an opportunity to amend. *Johnson v. Buckley*,

356 F.3d 1067, 1077 (9th Cir. 2004).

Here, the Court concludes that no federal jurisdiction over Plaintiff's child support

collection claims against the States of Idaho, California, and Nevada exist. Therefore,

amendment in this case would be futile and a waste of judicial resources for the reasons

stated above. Child support is a matter of state law for the state courts to address.

Accordingly, this case will be dismissed without prejudice for failure to state a federal

claim upon which relief can be granted.

**INITIAL REVIEW ORDER BY SCREENING JUDGE- 4**

## ORDER

Accordingly, **IT IS ORDERED** that Plaintiff's Complaint (Dkt. 1) is

DISMISSED without prejudice.

DATED: August 23, 2025

B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE- 5**